UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR BENITEZ-HERNANDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; SERGIO ALBARRAN, Director of the San Francisco Field Office, U.S. Immigration and Customs Enforcement; CHRISTOPHER CHESTNUT, Warden of California City Detention Center; U.S. Department of Homeland Security; and U.S. Department of Justice,<br><br>　　　　　Respondents. | No. 1:26-cv-00930-KES-SKO (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 3 |

　　　　Before the Court is petitioner Omar Benitez-Hernandez's motion for temporary restraining order. Doc. 3. The Court has previously addressed the legal issues raised by the motion for temporary restraining order. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

　　　　The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Crispin M. C. v. Noem* and *J.A.C.P. v. Wofford*, and that would justify denying the motion. Doc. 8. The Court also ordered

1  respondents to state their position on whether the motion should be converted to a motion for
2  preliminary injunction and whether they request a hearing.  *Id.*  Respondents state that "there are
3  no substantial factual or legal issues that render this case distinguishable from this Court's prior
4  decisions."  *See* Doc. 9.  While respondents oppose the motion, they do not raise any new
5  arguments.  *See id.* at 1–2.[1]  They also do not object to converting the motion and did not request
6  a hearing.  *See id.*

7      As respondents have not made any new legal arguments and have not identified any
8  factual or legal issues in this case that render it distinguishable from the Court's prior decisions in
9  *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8,
10 2026), and *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D.
11 Cal. Oct. 27, 2025), the motion for temporary restraining order is converted to a motion for
12 preliminary injunction and GRANTED, for the reasons stated in those prior orders.

13     The Court ORDERS that respondents release petitioner immediately.  If the government
14 seeks to re-detain petitioner, it must provide no less than seven (7) days' notice to petitioner and
15 must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and
16 its implementing regulations, at which petitioner's eligibility for bond must be considered.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue presented here.  *See* Doc. 9 at 2.  The Court declines to defer ruling on the preliminary injunction given the nature of the relief that petitioner seeks.  As further consideration of the petition is referred to the assigned magistrate judge, the magistrate judge may consider whether deferring a final ruling on the petition is warranted pending the Ninth Circuit's decision in *Rodriguez*.

1     The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts
2 regularly waive security in cases like this, and the government has not established a need to
3 impose a security bond.
4     This matter is referred to the assigned magistrate judge for further proceedings, including
5 the preparation of findings and recommendations on the petition for writ of habeas corpus or
6 other appropriate action.

7

8 IT IS SO ORDERED.

9     Dated:   February 6, 2026

                                      UNITED STATES DISTRICT JUDGE

3