**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR B.-H., | Case No.  1:26-cv-0930 KES FJS (HC) |
| Petitioner, | A-Number: 088-243-862 |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| MARKWAYNE MULLIN, Secretary of the Department of Homeland Security[1] ,et al. | |
| Respondents. | Doc. 14 |

Petitioner Omar B.-H. brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention. *See generally* Doc. 1.

Petitioner moved for a temporary restraining order. Doc. 3. The Court converted the motion into one for a preliminary injunction, granted the preliminary injunction, and ordered Respondents to release Petitioner. The Court referred the matter to the magistrate judge for further proceedings. Doc. 10. The parties declined to submit additional briefs on the petition. Docs. 12, 13.

On February 20, 2026, the magistrate judge issued findings and recommendations to grant the petition for writ of habeas corpus for the same reasons the Court found Petitioner was entitled

[1] The petition named Kristi Noem as a respondent in her capacity as the Secretary of the Department of Homeland Security.  As Markwayne Mullin, who was sworn in as the Secretary on March 24, 2026, has been automatically substituted as the respondent.  *See* Fed. R. Civ. P. 25(d).

1

to a preliminary injunction.  Doc. 14 at 2.  Respondents filed objections, reiterating the arguments made in their prior filings and asserting the matter was moot.  Doc. 15.

Consistent with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review.  Having carefully reviewed the matter, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.[2]

The Court ORDERS:

1.    The findings and recommendations issued on February 20, 2026 (Doc. 14) are ADOPTED in full.

2.    The petition for writ of habeas corpus is GRANTED.

3.    If the government seeks to re-detain Petitioner Omar B.-H (A-Number 088-243-862), it SHALL provide no less than seven (7) days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which his eligibility for bond must be considered.

4.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    May 1, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[2] Respondents argue for the first time in the objections that the matter is moot as petitioner was released from detention based on the preliminary injunction. The Court is not required to consider Respondents' new argument.  *Syed v. M-I, L.L.C.*, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (the "court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *see also Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider argument raised for the first time in objections to findings and recommendation).  In any event, their argument is unavailing.  The preliminary injunction granted provisional relief during the pendency of this case and was not a final order addressing petitioner's rights concerning his detention; the petition was not rendered moot by the granting of provisional relief.